**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DANIEL JAMES WILLIS, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| COUNTY OF BASTROP; | § | |
| TERRY PICKERING; | § | |
| JAMES DAVENPORT; | § | |
| BRIAN GOERTZ; | § | |
| FORREST SANDERSON; | § | |
| MEGHAN BURSE; | § | |
| GARY SNOWDEN; | § | |
| JOHN KLAUS; | § | |
| CLARA BECKETT; | § | |
| WILLIAM M. PINA; | § | |
| JOHN DOE; and | § | |
| JANE DOE, | § | |
|     Defendants | § | |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff, Daniel James Willis, brings this action against Defendants THE COUNTY OF BASTROP, TEXAS; TERRY PICKERING; JAMES DAVENPORT; MEGHAN BURSE; D.A., BRIAN GOERTZ; FORREST SANDERSON; GARY SNOWDEN; JOHN KLAUS; CLARA BECKETT; WILLIAM M. PINA; JOHN DOE, and JANE DOE, and in support alleges as follows:

**TABLE OF CONTENTS**

| I. | Introduction | 2 |
|---|---|---|
| II. | Parties | 2 |
| III. | Jurisdiction | 4 |
| IV. | Venue | 4 |
| V. | Facts | 4 |

**VI.**   **Claims For Relief**                                          **10**

**VII.**  **Claims For Damages**                                        **19**

**VIII.** **Daniel's Claims Are Not Barred By Limitations**             **19**

**IX.**   **Prayer For Relief**                                         **20**

## I. Introduction

1.      This case arises from the deprivation of civil rights and wrongful and malicious prosecution of Plaintiff former Bastrop County Sheriff's Deputy Daniel James Willis by the named defendants as set forth herein.   Daniel Willis has suffered, and continues to suffer, actual damages as a result of Plaintiffs' wrongful and tortious conduct.

## II. Parties

2.      Plaintiff Daniel James Willis is a resident of the state of Texas.

3.      Defendant County of Bastrop, Texas is a Texas local government entity that can be served with process by serving citation on County Judge Paul Pape at 804 Pecan St., Bastrop, Texas 78602.

4.      Defendant former Bastrop County Sheriff Terry Pickering is an individual who is being sued in his individual capacity and his former official capacity as Sheriff of Bastrop County who can be served with process at 1210 San Antonio St., Austin, TX 78701.

5.      Defendant Bastrop County Sheriff's Office Sergeant James Davenport is an individual who is being sued in his individual capacity and his official capacity who can be served with process at 200 Jackson St, Bastrop, TX 78602.

6.      Defendant Bastrop County District Attorney Brian Goertz is an individual who is being sued in his individual capacity and his official capacity as Bastrop County District Attorney who can be served with process at 804 Pecan St., Bastrop, Texas 78602.

7.      Defendant former Special Prosecutor Forrest Sanderson is an individual who is being sued in his individual capacity and his former official capacity who can be served with process at 807 Pecan St., Bastrop, TX 78602.

8.      Defendant Bastrop County Sheriff's Office dispatcher (at the time of incident in question) Meghan Burse is an individual who can be served with process at 2010 Sydnee Dr., Leander, TX 78641.

9.      Defendant former Bastrop County Commissioner William M. Pina is an individual who is being sued in his individual capacity and his former official capacity who can be served with process at 141 Koolua Dr., Bastrop, TX 78602.

10.      Defendant Bastrop County Commissioner Clara Beckett is an individual who is being sued in her individual capacity and her official capacity who can be served with process at 1624 NE Loop 230, Smithville, TX 78957.

11.      Defendant former Bastrop County Commissioner John Klaus is an individual who is being sued in his individual capacity and his former official capacity who can be served with process at 1062 Lower Red Rock Rd., Bastrop, TX 78602.

12.      Defendant Bastrop County Commissioner Gary "Bubba" Snowden is an individual who is being sued in his individual capacity and his official capacity who can be served with process at 804 Pecan St., Bastrop, Texas 78602.

13.      Defendant Jane Doe cannot be served with process at this time because her first and last names and address are unknown.

14.      Defendant John Doe cannot be served with process at this time because his first and last names and address are unknown.

### III. Jurisdiction

15.    This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343 and all other applicable laws.

### IV. Venue

16.    Venue is proper in this Court under 28 U.S.C. § 1391 and all other applicable laws.

### V. Facts

17.    Plaintiff Daniel James Willis was hired by the Bastrop County, Texas Sheriff's Office in May 2013 after working with the Travis County Sheriff's Office in Austin, Texas. On or about 02/16/2014, the then Officer Willis was sent to the house of Willie Thomas, the boyfriend of Yvette Smith, where it was reported to him two males were fighting with sledge hammers, guns were involved, and there was substantial information alcohol was being consumed excessively, in a family dispute situation. In fact, this was the third call out to the Thomas house that day. When former Officer Willis arrived on scene, the events that follow occurred.

18.    The 911 caller inside the house, Amy Vela, reported that Willie Thomas and his son, Chris Thomas, had been fighting with each other using hammers and that when Chris Thomas returned inside, he and Yvette Smith began fighting over a shotgun. Vela relayed that she was scared for her life and the life of others in the home, including her children. Eventually, after several minutes, Vela related that the gun had been put down. While the 911 operator conveyed that information to the county dispatcher, Meghan Burse (a Bastrop County Sheriff's Office employee), who was responsible for communicating vital information to officers in the field, Meghan Burse never relayed that

information to Daniel Willis and, in fact, Meghan Burse testified in both of Officer Willis's trials, that she stopped reading information relayed to her by the 911 operator, in violation of Sheriff's Office Policy. Due to this violation of official policy, the sole information relayed to Officer Willis prior to approaching the door after midnight on 02/16/2014 was that the man behind the door had a loaded gun and was coming out with deadly intentions. Yvette Smith then exited the home, despite clear verbal commands to stay inside the home, and was shot and killed. Daniel Willis's rights were violated when he was prosecuted for acting in self-defense, as found by a Texas State District Court Judge, even though Bastrop County knew a Bastrop County employee failed to perform her duties and deprived Daniel Willis of vital information on the night of the incident in this case.

19.    Bastrop County Sheriff's Office Sgt. James Davenport, the Patrol Shift Supervisor who responded to the scene, conveyed false information to the investigator for the Texas Rangers that Officer Willis went up to the front door of the Thomas home and knocked. He continued that Officer Willis then shot Yvette Smith after she answered the door. This information was also false. Sgt. Davenport never corrected his false reports to reflect what actually occurred and he failed to report that Officer Willis stated that he did not want to die when confronted by Yvette Smith. Sgt. Davenport, in fact, compromised the investigation by ignoring basic, proper investigative procedure, and by interviewing witnesses within earshot of other witnesses, thereby contaminating their testimony. These violations of proper police procedures violated Officer Willis's rights by providing false information to the Texas Ranger.

20.    The Offense Report from the Bastrop County Sheriff's Office initially classified

this incident as "aggravated assault family violence." The Offense Report was later inexplicably changed by an unknown Bastrop County employee to state "assist complainant". Then subsequently mysteriously and inexplicably changed, again, to state "negligent homicide", within hours of the shooting. These changes were done a) without conducting an investigation, and b) willfully ignoring the information that Officer Willis acted in self-defense because he was told there was someone behind the door with a loaded firearm, who then exited house despite clear commands not to do so. These inaccurate and untruthful reports were used as a basis to charge and then prosecute Officer Willis with Murder. All Sheriff's Office employees who testified at both trials were asked who classified and then changed the records, but none ever revealed the source. Daniel Willis's attorney, Kristen Jernigan, called the District Attorney, Brian Goertz, prior to trial and asked who changed the reports, but he refused to reveal that information. Special Prosecutor Forest Sanderson also refused to reveal that information.

21.    Sheriff Terry Pickering and/or his office fabricated information in Officer Willis's personnel file indicating he had completed training for "family violence situations" when, in fact, Officer Willis's training supervisor had not reported that training and altered Officer Willis's field training records. The fabricated FTO (Field Training Officer) manual was utilized, in part, to prosecute Officer Willis for the charges he was acquitted of in April 2016. This fabrication was conducted under color of state law.

22.    Officer Daniel Willis was terminated from the Bastrop County Sheriff's Office on 06/17/2014, immediately after being indicted, without a due process hearing to which he was entitled.

23.    On September 25, 2015, all Austin broadcast news stations, the Austin American

Statesman, and several other news services reported a quote from the lead special prosecutor in this case, Forrest Sanderson, that Daniel Willis was guilty of murder, despite the State's failure to prove that charge after a hung jury. The Prosecutor stated, in front of many news cameras on the Courthouse steps, "There is no question this defendant shot and killed another human being intentionally and knowingly, and by Texas law that is murder, unless there is some justification for it." This clear violation of the Texas Rules of Professional Conduct 3.04, 3.07 and 3.09 constitutes defamation and has damaged and continues to damage Daniel Willis's reputation as well as his ability to obtain employment.

24.    The prosecutors in this case sought the services of several experts that were never called to testify at trial. Daniel Willis's defense attorneys filed a motion requesting production of all materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). It is the belief of the undersigned that the prosecution's experts gave opinions regarding this case that were adverse to the State and favorable to the defense. The adverse expert opinions were never conveyed to Daniel Willis or his attorneys, resulting in a Due Process violation. Bastrop County did not reveal the criminal history of one of its employees, the 911 dispatcher, nor did it disclose the adverse expert witness opinions. These above listed failures to disclose were in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). An additional *Brady* violation occurred concerning a witness, Willie Thomas, during the first trial. During the second trial Willie testified that it was not Daniel Willis who shot Yvette Smith, but rather Daniel Willis's partner who shot Yvette. Despite the written *Brady* request filed prior to the first trial, the prosecution did not disclose this exculpatory information, nor call that witness in the first trial. This conduct constitutes a further

*Brady* violation.

25.    Information regarding employee criminal history of the 911 dispatcher was never conveyed to Daniel Willis or his attorneys, resulting in a further Due Process violation.

26.    The above errors and omissions are directly attributable to Forrest Sanderson, the Special Prosecutor who was lead prosecutor in this case; Terry Pickering, the prior sheriff of Bastrop County, and his employees; and imputedly to the Bastrop County Sheriff's Office, Bastrop County Commissioners and Bastrop County itself. As a result of these official acts by the Bastrop County Commissioners, Bastrop County Sheriff's Office, Bastrop County District Attorney's office, and Forrest Sanderson, Plaintiff former Officer Daniel Willis has endured public humiliation and reprisal, based on the prosecutor's statements and a trial resulting in a hung jury, resulting largely from the State's failure to disclose mitigating and exculpatory evidence, from 2/16/14 through 4/7/16. The Court ruled when Officer Willis was exonerated, that he was not guilty in the murder of Yvette Smith because he acted in self-defense, given the information presented to the Court during that trial. Despite the fact Officer Willis maintained throughout the pre-trial investigation and the trials itself his innocence, the Civil Rights violations, in part, listed above, were the basis for Officer Willis being subjected to two trials and the expenditure of over $105,000.00 in legal fees and, additionally, lost income directly resulting from the Civil Rights violations. In fact, Officer Willis cannot to this day obtain work in the field of law enforcement, as no insurance company will insure him or any potential employer because of the unfounded charges lodged against him by Bastrop County. In fact, Bastrop County dishonorably discharged Daniel Willis and has failed to take steps to remedy that falsehood filed with the Texas Commission on Law Enforcement, despite his

acquittal. This Complaint is being filed within two years of his acquittal on April 7, 2016. *See Castellano v. Fragozo,* 352 F.3d 939 (5th Cir. 2003).

27.      Because the Bastrop County Sheriff's Office and its personnel operated under the control of the then Bastrop County Commissioners, listed hereinabove, and former Sheriff Terry Pickering and those persons, acting in their individual and official capacities, negligently supervised Bastrop County personnel, implemented or implicitly and explicitly approved Bastrop County official policies and procedures implemented at the time of the arrest and prosecutions of Daniel Willis and failed to correct the errors and omissions by the times of Officer Willis's first trial in September 2015 and his subsequent trial, these wrongful actions caused legal injury to Mr. Willis up to and including the date of 04/07/2016 and which continues through the date of the filing of this complaint.

28.      Although the initial incident involved in this Civil Rights violation occurred on or about 02/16/2014, the accrual of these Civil Rights violations did not occur until Mr. Willis's was exonerated on 04/07/2016. Officer Willis did not know he had reason to believe any injury incurred by him was officially inaccurate, wrong, and untrue until the 04/07/2016 judgment acquitting him of murder. However, the Civil Rights violations listed above, which are but a few of many that deprived Officer Willis of procedural and substantive due process, were the basis for taking Officer Willis to trial twice. The county knows well Officer Willis's yearly pay in 2014 has not been duplicated by Officer Willis since his termination from employment without due process and since his acquittal on 04/07/2016. Despite this, Bastrop County has failed to correct its filing with the Texas Commission on Law Enforcement regarding the "Murder" of Yvette Smith. *See*

*Castellano v. Fragozo,* 352 F.3d 939 (5th Cir. 2003).

## VI. Claims for Relief

### COUNT I:
### 42 U.S.C. § 1983: Fourteenth Amendment Violations

29.    Daniel Willis hereby incorporates by reference all of the foregoing and further alleges as follows:

30.    Defendants County Of Bastrop, former Sheriff Terry Pickering, Sgt. James Davenport, Bastrop County District Attorney Bryan Goertz, and  former Special Prosecutor Forrest Sanderson, acting under color of state law, engaged in misconduct, including but not limited to: (1) a continuing/ongoing pattern or scheme designed to protect Bastrop County from civil liability resulting from the negligence of Bastrop County employees and their performance of dispatch and proper training duties, by prosecuting Daniel Willis and severe violation of Daniel Willis's civil rights. In short, because of negligence and reckless or deliberate indifference to the truth by Bastrop County personnel, critical evidence was covered up and not produced, and other evidence fabricated and presented as being genuine and true, thus severely violating Plaintiff's rights; and (2) failing to fully and properly investigate the charges against Daniel Willis which would have revealed his innocence.

31.    These defendants used the results of these conscience-shocking tactics to arrest, indict, prosecute and force Daniel Willis to endure not one, but two full criminal trials for a crime he did not commit. Facts that would have resulted in criminal charges being dismissed and which would have exonerated Daniel Willis were withheld and not presented by the prosecution.

32.    This conduct shocks the conscience and was intentional or committed with

**DANIEL JAMES WILLIS V. COUNTY OF BASTROP ET AL.**
**ORIGINAL COMPLAINT**
**PAGE 10 of 21**

reckless or deliberate indifference to Daniel Willis's clearly established due process right not to be arbitrarily deprived of his liberty and process as guaranteed by the Fourteenth Amendment. Defendants turned the very procedures designed to shield Daniel Willis from arbitrary and erroneous deprivations into a governmental sword that they the wielded to wrongfully imprison him. Defendants' conduct was deliberately indifferent to Daniel Willis's clearly established procedural due process rights as guaranteed by the Fourteenth Amendment, and deliberately indifferent to Daniel Willis's clearly established right to put on a defense as guaranteed by the Fourteenth Amendment. Defendants' acts and omissions violated this right and caused Daniel Willis to be falsely arrested, indicted and prosecuted, and to suffer serious damages.

<u>COUNT II:</u>
<u>42 U.S.C. § 1983: Fourth Amendment Violations</u>

33.    Daniel Willis hereby incorporates by reference all of the foregoing and further alleges as follows:

34.    Defendants County of Bastrop, District Attorney Bryan Goertz, then County Sheriff Terry Pickering and Sgt. James Davenport, unlawfully arrested and detained or caused the arrest and detention of Daniel Willis without his consent. These Defendants had no legal authority or justification to arrest or detain Daniel Willis.

35.    These Defendants proximately and directly caused Daniel Willis to suffer severe damages.

36.    Defendants County of Bastrop, Former Sheriff Terry Pickering, Sgt. James Davenport, District Attorney Bryan Goertz and former Special Prosecutor Forrest Sanderson, acting under color of state law, engaged in misconduct, including but not limited to: (1) a continuing/ongoing pattern or scheme designed to protect Bastrop

County from civil liability resulting from the negligence of its own employees and their performance of dispatch and proper training duties, by prosecuting Daniel Willis and severe violation of Daniel Willis's civil rights. In short, because of deliberate indifference to the truth by Bastrop County personnel, critical evidence was covered up and not produced, and other evidence fabricated and presented as being genuine and true, thus severely violating Plaintiff's rights; and (2) failing to fully investigate the charges against Daniel Willis which would have revealed his innocence.

37.     These defendants used the results of these conscience-shocking tactics to arrest, indict, prosecute and force Daniel Willis to endure not one, but two full criminal trials for crime he did not commit. Facts that would have resulted in criminal charges being dismissed and which would have exonerated Daniel Willis were withheld and not presented by the prosecution.

38.     Daniel Willis suffered pretrial incarceration and continuing threat of further incarceration should the status of his release on bond be revoked for any reason.

39.     This conduct shocks the conscience and was intentional or committed with deliberate indifference to Daniel Willis's clearly established due process right not to be arbitrarily deprived of his liberty as guaranteed by the Fourth Amendment.

40.     Defendants turned the very procedures designed to shield Daniel Willis from arbitrary and erroneous deprivations into a governmental sword that they wielded to wrongfully imprison him.  Defendants' conduct was deliberately indifferent to Daniel Willis's clearly established procedural due process rights as guaranteed by the Fourteenth Amendment, and deliberately indifferent to Daniel Willis's clearly established right to put on a defense as guaranteed by the Fourteenth Amendment. Defendants' acts and

omissions violated this right and caused Daniel Willis to be falsely arrested, indicted and prosecuted, and to suffer serious damages.

COUNT III:
42 U.S.C. § 1983 and Common Law Civil Conspiracy to Violate Constitutional Rights

41.     Daniel Willis hereby incorporates by reference all of the foregoing and further alleges as follows:

42.     Although they knew or should have known that Daniel Willis had committed no criminal offense, Defendants, acting in concert under color of state law, conspired among themselves and reached a mutual understanding to arrest and charge Daniel Willis for offenses he did not commit, and cover up their misconduct, all in violation of clearly established constitutional rights.

43.     Defendants' acts implicated Daniel Willis in a crime he didn't commit and caused him to be falsely arrested, indicted, and prosecuted through to criminal trials. Defendants knew or were reckless in not knowing that Daniel was innocent.  These defendants' actions were committed with deliberate indifference to Daniel Willis's clearly established constitutional rights, caused these rights to be violated, and caused Daniel Willis to suffer serious damages.  These defendants' actions were also committed due to a failure to train and supervise regarding appropriate law enforcement procedures.

COUNT IV:
42 U.S.C. § 1985(2): Conspiracy Liability of Defendants

44.     Daniel Willis hereby incorporates by reference all of the foregoing and further alleges as follows:

45.     Although they knew or should have known that Daniel Willis had committed no criminal offense, Defendants, acting in concert under color of state law, conspired among

themselves and reached a mutual understanding to arrest, charge AND Daniel Willis for offenses he did not commit, and cover up their misconduct, all in violation of clearly established constitutional rights.

46.    These defendants conspired to impede, hinder, obstruct, and defeat the due course of justice in the State of Texas, with the intent to deny Daniel Willis the equal protection of the laws afforded criminal defendants and to injure him in his attempt to defend himself against baseless allegations manufactured by the Bastrop County Sheriff's Office. These defendants' actions were also committed due to a failure to train and supervise regarding appropriate law enforcement procedures.

47.    Defendants' acts implicated Daniel Willis in a crime he didn't commit and caused him to be falsely arrested, indicted, and prosecuted through two criminal trials. Defendants knew or were reckless in not knowing that Daniel Willis was innocent. These defendants' actions were committed with deliberate indifference to Daniel Willis's clearly established constitutional rights, caused these rights to be violated, and caused Daniel Willis to suffer serious damages.  These defendants' actions were also committed due to a failure to fully investigate the charges against Daniel Willis which would have revealed his innocence and a failure to train and supervise regarding appropriate law enforcement procedures.

48.    The actions described above were committed with deliberate indifference to Daniel Willis's clearly established rights under 42 U.S.C. § 1985(2), violated this statutory right, and caused Daniel Willis to suffer serious damages.

COUNT V:
42 U.S.C. § 1983: *Monell* Claim against the County of Bastrop and
County of Bastrop Personnel

49.     Daniel Willis hereby incorporates by reference all of the foregoing and further alleges as follows:

50.     The County of Bastrop, by and through then Bastrop County Sheriff's Office Sheriff Terry Pickering and District Atty. Bryan Goertz, in their official policymaking capacities, condoned and/or maintained the following customs, policies and/or practices within the Bastrop County Sheriff's Office and District Atty.'s office:

    a.      Fabricating evidence and utilizing such in criminal trials;

    b.      Concealing and/or failing to disclose exculpatory evidence;

    c.      Failing to adequately train its law enforcement officers in proper investigation techniques;

    d.      Failing to train law enforcement officers and prosecuting attorneys concerning their duties to disclose exculpatory information; and

    e.      Improper hiring, supervision and retention of law enforcement officers.

51.     The County of Bastrop and its then-Sheriff Terry Pickering also created and maintained an official custom, practice and/or policy of failing adequately to train and supervise department employees and agents, including, without limit, 1) defendant Sgt. James Davenport and defendant John Doe regarding the existence of probable cause to arrest, proper methods of conducting criminal investigations, and 2) dispatcher Meghan Burse regarding the proper performance of her duties.

52.     The County of Bastrop knew or had notice of Sgt. James Davenport's and defendant John Doe's improper investigative techniques and procedures based on their prior incidents, yet failed to take any corrective training or supervisory action that would have averted Daniel's ordeal.

53.     As a direct result of this unconstitutional custom, practice and/or policy of failing to adequately train or supervise police in constitutional methods of suspect documentation and investigation, and as they had previously done in other instances, defendants intentionally, maliciously and with reckless disregard for and deliberate indifference to Plaintiffs' rights, misled witnesses into making false statements regarding Daniel, which resulted in his wrongful arrest and prosecution.

54.     These Defendants also created and maintained a custom, policy and/or practice within their offices of failing to observe proper methods of taking and documenting evidence, and producing potentially exculpatory evidence in its possession and ignoring the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966), *Brady v. Maryland*, 373 U.S. 83 (1963) and *California v. Trombetta*, 467 U.S. 479 (1984).

55.     Each of these policies discussed above was so well settled that they constituted a custom that fairly represented the Bastrop County Sheriff's Office's official custom, practice or policy in the years in question.

56.     Each of these policies were known to and condoned not only by Bastrop County Sheriff's Office supervisors, but also by County of Bastrop policymakers.

57.     County of Bastrop policymakers, including but not limited to then Sheriff Terry Pickering and District attorney Bryan Goertz, had actual and constructive notice of each of the above policies.

58.     County of Bastrop policymakers, including but not limited to then Sheriff Terry Pickering, also knew that the Bastrop County Sheriff's Office detectives were certain to confront recurring constitutional obligations related to their investigation of suspects.

59.     Each of these policies was deliberately indifferent to Daniel Willis's clearly

established constitutional rights under the Fourth and Fourteenth Amendments and federal rights as explained herein.

60.    Each of the above policies directly and proximately caused, and was the moving force behind, the Bastrop County Sheriff's Office employees' deprivations of Daniel Willis's clearly established constitutional rights under the Fourth, and Fourteenth Amendments.

61.    As a consequence of the above deliberately indifferent policies, which were the moving force behind Daniel Willis's constitutional injuries, the County of Bastrop is liable for the damages Daniel Willis suffered from his unlawful arrest, indictment, and prosecution.

<u>COUNT VI:</u>
<u>Malicious Prosecution and Defamation</u>

62.    Daniel Willis hereby incorporates by reference all of the foregoing and further alleges as follows:

63.    A criminal prosecution was commenced and maintained through not one, but two full criminal trials against Daniel Willis and numerous false and defamatory statements about Daniel Willis were made.

64.    Defendants initiated and/or procured the prosecution.

65.    The prosecution terminated in Daniel Willis's favor in 2016 based on 04/07/2016 judgment acquitting him of murder.

66.    By refusing to correct its report to the Texas Commission on Law Enforcement that Daniel Willis had been dishonorably discharged for committing the offense of Murder, Bastrop County's defamation of Daniel Willis continues through the filing of this complaint. His damages continue to accrue and increase.

67.    As a result of the malicious prosecution and civil rights violations, Daniel Willis suffered severe damages.

COUNT VII:
Negligent Supervision against The County of Bastrop

68.    Daniel Willis hereby incorporates by reference all of the foregoing and further allege as follows:

69.    Defendant The County of Bastrop had a duty to supervise the investigation and prosecution practices of the Bastrop County Sheriff's Office's law enforcement officers and prosecuting attorneys, including without limitation those persons set forth herein. Defendant the County of Bastrop breached this duty by failing to train and supervise them in proper investigative and prosecution techniques and make sure those techniques were followed.

70.    This failure to supervise directly and proximately caused Daniel Willis to be arrested, indicted, and prosecuted for a crime he did not commit, and suffer severe damages.

COUNT VIII:
Negligent Supervision against Defendants Terry Pickering and Bryan Goertz

71.    Daniel Willis hereby incorporates by reference all of the foregoing and further allege as follows:

72.    Defendant District Attorney Bryan Goertz acting in his official capacity as Bastrop County District Attorney, had a duty to properly trying and supervise the evidence gathering and production procedures and practices of the District Attorney's office and its employees, including Special Prosecutor Attorney Forrest Sanders and John Doe. Defendant District Attorney Bryan Goertz breached this duty.

73.     Defendant Terry Pickering acting in his then official capacity as Bastrop County Sheriff, had a duty to properly trying and supervise the evidence gathering and production procedures and practices of the law enforcement officers of the Bastrop County Sheriff's Office. Defendant Terry Pickering breached this duty.

74.     These failures trying and to supervise directly and proximately caused Daniel Willis to be arrested, indicted and prosecuted for a crime he did not commit, and suffer severe damages.

## VII. Claims for Damages

75.     The actions of Defendants, jointly and severally, deprived Daniel Willis of his civil rights under the United States Constitution, various federal statutes and Texas common law.

76.     The actions of Defendants, jointly and severally, constituted negligence, negligence per se, and gross negligence.

77.     As a direct and proximate result of Defendants' acts, Daniel Willis suffered great distress, pain, anguish, fear, suffering, loss of companionship and monetary damages for which he is entitled to compensatory damages.

78.     In addition, the individual Defendants' acts with respect to Daniel Willis were intentional and/or, malicious and/or, deliberate and/or, reckless and/or, in bad faith and/or, wanton and/or cruel, such as to justify an award of punitive damages to Daniel Willis.

## VIII. Daniel's Claims Are Not Barred by Limitations

79.     Daniel Willis's claims are not barred by limitations.  The discovery rule, well-established in Texas, prevents Daniel Willis's claims from being barred by limitations.

The dates he discovered the various actionable actions of defendants make the date of filing of this complaint within the period of limitations.

80.    Furthermore, the doctrine of fraudulent concealment also tolls the applicable statutes of limitation for Daniel Willis's claims.  *See* TEX. CIV. PRAC. & REM. CODE § 16.001(A)(2).

81.    Furthermore, and critically, defendants' various actions and violations were ongoing and continuing, throughout the trial process, which included two separate trials and throughout Daniel Willis's involvement with the Bastrop law enforcement personnel and each false statement and argument made during both trials, the last of which concluded on 04/07/2016 with the judgment acquitting him of murder. *See Castellano v. Fragozo,* 352 F.3d 939 (5th Cir. 2003), *Price v. City of San Antonio*, Tex., 431 F.3d 890 (Fed. 5th Cir. 2005), *Wallace v. Kato*, 127 S. Ct. 1091, 166 L.Ed.2d 973, 549 U.S. 384, 75 USLW 4107 (2007) and *Bradford v. Scherschligt* (9th Cir. 2015) (applying *Wallace, Id.* accrual analysis).

82.    Accordingly, the claims asserted by Daniel Willis in this lawsuit are not barred by limitations.

## IX.  Request for a Jury Trial

83.    In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury on all issues triable by right of jury.

## X. Prayer for Relief

84.    To right this horrible injustice, Plaintiff Daniel Willis requests that this Court:

      a.    Award compensatory damages, including but not limited to past and future lost wages, to Daniel Willis and against the Defendants, jointly and severally;

b.    Award punitive damages to Daniel and against the Defendants;

c.    Award and allow Daniel Willis costs and attorneys' fees pursuant to 42 U.S.C.  1988 or any other applicable law;

d.    Award prejudgment and postjudgment interest at the highest rate allowable under the law;

e.    Award and grant such other just relief as the Court deems proper.

Respectfully submitted,

MALLIOS & ASSOCIATES, P.C.
3736 Bee Cave Road, #1-182
Austin, Texas 78746
(512) 499-8000
(512) 499-8760 FAX
jim@malliospi.com

Kristen Jernigan
Law Office of Kristen Jernigan
203 South Austin Avenue
Georgetown, Texas 78626
(512) 904-0123
kristen@txcrimapp.com


By: /s/ George J. Mallios
George J. Mallios
 State Bar No. 12867450

ATTORNEYS FOR PLAINTIFF
DANIEL JAMES WILLIS